

MWG/IC/SMS/KRA                                        *271 Cadman Plaza East*
F. #2024R00654                                        *Brooklyn, New York 11201*

April 8, 2026

By ECF and E-mail

The Honorable Clay H. Kaminsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Curtis Meeks
       Criminal Docket No. 25-314 (RER) (CHK)

Dear Judge Kaminsky:

    The government writes in opposition to defendant Curtis Meeks' March 27, 2026 motion for release, ECF No. 491, and to provide the Court with additional information relevant to defendant Meeks' motion for release.

    At the outset, the government has spoken with the defendant's newly proposed suretor and understands that he is a financially responsible suretor. The government has been in communication with counsel for the defendant to obtain documentation regarding the value of the property and the financing of the purchase of the property intended to secure the proposed bond. Despite the parties' efforts, the government has not yet obtained documentation regarding the financing or mortgage against the property.

    The government also writes to inform the Court that the government has been informed that with respect to the defendant's local criminal case in Williamson County in Texas, the defendant's bond was revoked on March 12, 2026, and therefore, there is a hold on the defendant's release from federal custody. The government has been informed that because the defendant's bond was revoked in his local state case, should he be released on bond in this matter, he would be transferred into state custody to begin serving his sentence in the Williamson County case.

    In addition, the government has been in contact with the defendant's supervising Pretrial Services officer in the Western District of Texas, who has advised that the Pretrial Office of the Western District of Texas maintains that defendant Meeks cannot be supervised and that detention is appropriate given the defendant's demonstrated noncompliance with his pretrial conditions and his criminal history, including a bail jumping conviction. Consistent with the

position held by the supervising Pretrial Office in the Western District of Texas, the government maintains its position that the defendant's motion for release should not be granted. Further, the government maintains that if release is contemplated, the location monitoring condition originally ordered as a pretrial release condition should not be removed from the applicable bond.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     /s/

Michael W. Gibaldi
Irisa Chen
Sean M. Sherman
Kamil R. Ammari
Assistant U.S. Attorney
(718) 254-7000